# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

GREGORY ADAM ORTIZ,
Plaintiff,
v.
MORGAN DUNHAM, et al.,
Defendant.

Case No. 2:26-cv-12863-JGB-BFM

**ORDER TO SHOW CAUSE RE: TRANSFER OF VENUE TO EASTERN DISTRICT OF CALIFORNIA**

On November 2, 2026, Plaintiff Gregory Adam Ortiz filed a civil rights complaint in this District. (ECF 1.) Plaintiff alleges violations of his Fourteenth Amendment rights arising from a riot at Lerdo Detention Facility in June 2025 where he was "stabbed multiple times by general-population inmates who gained access to Plaintiff's housing unit as a direct result of a security-check policy" authorized by facility staff, and that responding officers created false reports that they "used as the basis for disciplinary action, custody reclassification, and new criminal charges" against Plaintiff. (ECF 1 ¶¶ 1-2.) He names Kern County, Kern County Sheriff's Office Detention Officer Morgan

Dunham, Lerdo Detention Facility Commander Whal, and Kern County Sheriff's Office employees Does 1-30 as Defendants and alleges that the Defendants violated § 1983. (ECF 1 ¶¶ 6-9, 22-35.) Kern County and Lerdo Detention Facility are in the Eastern District of California, not the Central District, where Plaintiff filed this case. 28 U.S.C. § 84(b).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Entities are deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2).

Here, the Defendants named in the Complaint are persons working in Kern County, and Kern County itself, and there is no reason to think there is personal jurisdiction over those Defendants here. From Plaintiff's brief description of his claims, there is also no reason to think that any relevant event happened in this District. Thus, there is no apparent connection between the Central District of California and Plaintiff's claims and no showing that venue lies in this District based on the requirements of 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), if venue does not properly lie in this District, then the Court either must dismiss the action, or if it be in the interest of justice, must transfer the action to the proper district. *See Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). The Court may transfer a case sua sponte,

so long as it gives the parties an opportunity to be heard. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

In deciding whether the case should be transferred or dismissed, the Court considers whether Plaintiff has adequately stated a claim. Here, Plaintiff's allegations identify the events giving rise to Plaintiff's claims, when and where they occurred, and the conduct that is allegedly attributable to Defendants. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (a plaintiff must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2)). Specifically, Plaintiff's alleges that during a June 14, 2025 riot at Lerdo Detention Facility, Defendant Dunham opened doors that permitted general-population inmates to enter Plaintiff's protective custody unit and stab him multiple times. (ECF 1 ¶¶ 11-15.) Plaintiff alleges that this occurred pursuant to a policy authorized by Defendant Whal that allows detention officers conducting security checks to use interior doors connecting separate housing units and *Monell* liability against the county. (ECF ¶¶ 10-15, 31-35.) Without deciding whether the Complaint states a claim upon which relief may be granted, the Court does not find Plaintiff's allegations so conclusory that transfer would be inappropriate on that basis. At this stage, because all the alleged events occurred in Kern County, transfer to the Eastern District of California, rather than dismissal, is in the interest of justice. *See* 28 U.S.C. § 1406(a).

The Court therefore notifies Plaintiff that it is considering transferring his case to the United States District Court for the Eastern District of California, where venue appears to lie. **No later than December 16, 2026**, Plaintiff is **ordered** to show cause—to explain in writing—why this action should not be transferred for improper venue. **Failure to file a timely**

**response to this Order will result in the transfer of this action for the reasons set forth above.**

DATED: November 16, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE